**In re BREVARD R & M PARTNERS, INC., Debtor.**

**Bankruptcy No. 88–2267–6P1.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

March 3, 1989.

Eric Jones, Melbourne, Fla., for debtor.

Jules Cohen, Orlando, Fla., for Summit Landing & Yachting Center.

## ORDER ON MOTION TO CONVERT TO CHAPTER 7

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration upon a Motion to Convert the above-captioned Chapter 11 case to a Chapter 7. The Motion is filed by Summit Landings and Yachting Center, Inc. (Summit). The Motion was originally heard by the late Judge Lionel Silberman, who took the Motion under advisement. The responsibility to consider the Motion was assumed by the undersigned when Judge Silberman died. The Debtor and Summit agreed to submit the matter to be considered by the undersigned on the transcript and exhibits placed in the record at the hearing before Judge Silberman, which record in pertinent parts reveals the following.

Summit is a corporation which owns as one of its primary assets a marina in Brevard County, Florida. The marina consists of four buildings, boathousing, a restaurant and lounge. It appears that Brevard R & M Partners, Inc. (Debtor), entered into an agreement with Summit for the lease of the restaurant, the lounge, and the attendant marina facilities. The agreement provided that the lease would begin January 18, 1988, and required a monthly rental of $20,000.00 per month, and capital improvements to be made by the Debtor on the property in the amount of $50,000.00. This sum was to be paid by June 30, 1988, with an additional $50,000.00 payment for capital improvement by December 30, 1988. The lease also required the Debtor to pay a $50,000.00 principal payment by March 31, 1988, and another $50,000.00 principal payment on September 30, 1988. The lease also gave the Debtor an option to purchase the property to be exercised by March 31, 1989, pursuant to which the Debtor had the right to purchase the properties covered by the lease from Summit for a purchase price of $2.4 million dollars.

The Debtor took possession of the leased premises on January 18, 1988, and operated a restaurant business there ever since, and for a while abided by the terms of its agreement with Summit and paid the monthly rental pursuant to the terms of the lease.

It appears that on July 10, the Debtor failed to remit the $20,000.00 lease payment to Summit, neither did it pay the rent for the next two months. It is also undisputed that the Debtor did not make the $50,000.00 capital improvement payment which became due on June 30, 1988, nor were the capital improvements payments required by the agreement, which became due on December 30, 1988.

On August 3, 1988, Summit filed a lawsuit in the County Court of Brevard County, Florida, and sought to evict the Debtor from the leased premises. Subsequently, an Order was entered by the County Court granting the Motion for Writ of Possession, unless the Debtor posted with the Clerk of the Circuit Court of Brevard County a bond in the amount of $65,000.00 payable in cash by 4:00 p.m., on Monday, September 12, 1988. The Order further provided that in the event the Debtor failed to abide by the terms of the Order, the stay of the writ of possession would automatically terminate without further order of the court. It is undisputed that the Debtor did not deposit the $65,000.00 with the Clerk of the Circuit Court as required by the Order by the due date, i.e., September 12, 1988. On that same date, the Debtor filed its Petition for Relief under Chapter 11 of the Bankruptcy Code, which, of course, immediately imposed the automatic stay provided for by § 362 of the Code, preventing Summit to proceed with the eviction proceeding.

In its Motion to Convert, Summit contends that the Debtor lacks the ability to reorganize and therefore, his case should

be converted to a Chapter 7 liquidation case pursuant to § 1112(b). In its Motion, Summit alleges numerous specific violations of the lease and various violations of the provisions of the health code of the County. Summit contends that the Debtor's actions caused the liquor license held by Summit to be deactivated, which in turn severely curtailed the effectiveness of the operation of the restaurant. Based on these, Summit contends that the business in no longer a viable business enterprise, and the Debtor has nothing to rehabilitate or reorganize, which in turn warrants a dismissal pursuant to 1112(b)(2) of the Bankruptcy Code.

In opposition to the Motion to Convert, the Debtor contends that it should be given a chance to reorganize; it has a viable ongoing business; that it has obtained a substitute liquor license; and it has not only the need, but also the capacity to achieve rehabilitation under Chapter 11.

While this Court is not without doubt whether or not this particular Debtor will ultimately be able to effectively reorganize its business, it is satisfied at this time that it should be given one chance and one chance only to do so. Accordingly, this Court is satisfied that the Motion to Convert should be denied, and the Debtor should be given one opportunity to obtain confirmation. Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Convert be, and the same is hereby, denied, and the Debtor be, and the same is hereby, directed to file a Disclosure Statement and Plan of Reorganization within 15 days of the entry of this Order.

DONE AND ORDERED.